## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

MAUREEN DI JANNI, et al.,

       Plaintiffs,

v.                                             No. 14-CV-0576 MCA/SCY

BIOTRONIK, INC., et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand [Doc. 18].   Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

## BACKGROUND

This matter arises out of allegations of a civil conspiracy among Defendants Biotronik, Inc., a manufacturer and supplier of pacemakers, Biotronik's sales agent Edward Tague, two hospitals, and doctor of osteopathic medicine Demosthenes Klonis to make profits through the implantation of permanent pacemakers and defibrillators, which were not medically necessary, into patients.   In support of their common law conspiracy claim, Plaintiffs allege that Biotronik, Tague, and Klonis committed the wrongful act of exchanging money and/or services to induce pacemaker implantations in violation of industry standards and federal and state law.   Plaintiffs also assert common law claims against Biotronik for negligence and negligence per se, alleging that Biotronik breached its duty of ordinary care to ensure that, among other things, Biotronik's products were not being foreseeably misused and improperly implanted in patients by physicians whom Biotronik cultivated as its clients.   As evidence that Biotronik breached its duty of ordinary

1

care, Plaintiffs allege that Biotronik violated certain federal and state rules and regulations, including the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 9 *et seq.*

Plaintiffs filed their first amended complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico on October 11, 2012, and served Biotronik with the complaint on October 23, 2012.   On June 9, 2014, Plaintiffs filed their second amended complaint and served Biotronik that same day with the amended complaint.

On June 23, 2014, Biotronik filed its notice of removal, arguing that "Plaintiffs' Second Amended Complaint includes new allegations raising substantial federal issues . . . thus providing a basis for removal and this Court's jurisdiction."   [Doc. 1 at 1-2].   Biotronik contends that its notice of removal is timely under 28 U.S.C. Section 1446(b) because the second amended complaint "adds for the first time an allegation that Biotronik engaged in 'off-label' product promotion and violated federal reporting requirements, an area of law regulated by federal statute."   [Doc. 31 at 2].   Biotronik maintains that it timely removed the case within the 30-day period prescribed by 28 U.S.C. Section 1446(b) that elapsed after Plaintiffs served Biotronik with the second amended complaint.   [*Id.*].   On July 21, 2014, Plaintiffs filed their motion to remand this case pursuant to 28 U.S.C. Section 1447(c).   Plaintiffs challenge the removal on the procedural ground that Biotronik's removal was untimely and on the jurisdictional ground that the Court lacks federal question subject matter jurisdiction over the case.   [Doc. 18].

## **STANDARD**

I.   Removal.

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" if the federal district court has original diversity of citizenship or federal question jurisdiction over the matter.   *See* 28

2

U.S.C. § 1441(a).   A notice of removal must be filed within "thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   *Id.* § 1446(b).   A removal that does not comply with the express statutory requirements is defective and the case must be remanded to state court.   *See Huffman v. Saul Holdings L.P.*, 194 F.3d 1072, 1077 (10th Cir. 1999).   As the removing party, the defendant bears the burden of proving "all jurisdictional facts and of establishing a right to removal."   *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) (citations omitted) (citations omitted). Removal statutes are strictly construed, and a court should resolve ambiguities in favor of remand.   *See Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, 98 F.App'x 752,755-56 (2004); *Chavez*, 15 F. Supp. 2d at 1119 (citations omitted).

II.   Remand.

    If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand the case to state court.   *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).   A defect in the removal procedure is one of the grounds for remand that 28 U.S.C. Section 1447(c) authorizes.   *See Moreno v. Taos County Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2011); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (citation omitted).   Specifically, Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."   28 U.S.C. § 1447(c).   Lack of subject matter jurisdiction is a second ground for remand specified in Section 1447(c).   Section 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   *Id.*

3

A federal court remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. A court should award attorney's fees under Section 1447(c) when the removing party lacks an objectively reasonable basis for seeking removal. *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

III.    <u>Federal Question Jurisdiction</u>.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case arises under federal law if its well-pleaded complaint establishes either [(1)] that federal law creates the cause of action or [(2)] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted).  Under the second jurisdictional basis, a court may exercise federal question jurisdiction over a cause of action that is not created by federal law provided that the "well-pleaded complaint raises a disputed issue of federal law, the resolution of which is necessary to grant the relief Plaintiffs seek." *Id.* at 1234.  Although a plaintiff's claims may be founded in state law, "a plaintiff may not circumvent federal jurisdiction by omitting federal issues that are essential to his or her claim." *Id.*  On the other hand, "[t]he presence of a federal issue . . . is not necessarily 'a password opening federal courts to any state action embracing a point of federal law.'" *Id.* at 1235 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  "[T]he question is , does a state-law claim necessarily raise a sated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314.

4

## DISCUSSION

In their motion to remand, Plaintiffs attack Biotronik's removal on procedural and jurisdictional grounds.   First, Plaintiffs contend that Biotronik's removal was untimely because 28 U.S.C. Section 1446(b) requires removal within "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), and, according to Plaintiffs, the case first became removable, if at all,[1] when they served Biotronik with their first amended complaint on October 23, 2012.   Because 30 days after Plaintiffs served Biotronik with the first amended complaint expired on November 22, 2012, Plaintiffs contend that Biotronik's notice of removal, which Biotronik filed on June 23, 2014, is untimely.   Second, Plaintiffs argue that Biotronik improperly removed this case because the Court does not have subject matter jurisdiction over the claims in the second amended complaint. Plaintiffs maintain that their claims neither arise under federal law nor seek relief necessarily dependent upon resolution of a substantial question of federal law.   Finally, Plaintiffs request that the Court award costs and attorney's fees pursuant to 28 U.S.C. Section 1447(c) on the ground that Biotronik lacked an objectively reasonable basis for seeking removal.

---

[1]   Plaintiffs generally assert that the Court lacks federal question jurisdiction over the second amended complaint and that the first and second amended complaints contain substantially similar claims.   Based upon these assertions, the Court assumes that Plaintiffs maintain that the Court lacks subject matter jurisdiction over the first amended complaint as well as the second amended complaint.   In support of their timeliness argument, however, Plaintiffs contend that because the first and second amended complaints allege no different claims, "[i]f Biotronik believe[d] Plaintiffs' claims raise 'substantial federal issues,' Biotronik should have filed its notice of removal 30 days after service of the First Amended Complaint."   [Doc. 18 at 6].   This argument necessarily assumes that the first amended complaint raised a substantial federal question, which contradicts Plaintiff's seeming contention that neither complaint raises a federal question.   Given this contradiction, the Court construes the motion to remand as advancing a timeliness argument in the alternative to a jurisdictional argument.

Biotronik asks the Court to deny the motion to remand and, in support of its position, argues that its removal was timely because the 30-day time limit for removal began running when Plaintiffs filed their second—and not first—amended complaint.   Biotronik alternatively maintains in its opposition to the motion to remand that its removal was timely because the 30-day period began running when Plaintiffs' counsel made arguments in a related separate case pending in the First Judicial District Court, County of Santa Fe, State of New Mexico (Civil Case Number D-307-CV-2009-2563).   Biotronik next contends that the Court has subject matter jurisdiction over Plaintiffs' claims because the second amended complaint "adds for the first time an allegation that Biotronik engaged in 'off-label' product promotion and violated federal reporting requirements . . . posing a federal question" that gives rise to subject matter jurisdiction.   [Doc. 31 at 2].

The Court holds that it lacks subject matter jurisdiction over Plaintiffs' claims and therefore grants the motion to remand on this ground.   Because the Court's holding is dispositive, the Court does not decide whether Biotronik's removal was untimely and whether this untimeliness mandates remand.   The Court also awards Plaintiffs costs and attorney's fees because it concludes that Biotronik lacked an objectively reasonable basis for removal.

I.      The Court Lacks Subject Matter Jurisdiction Over the Second Amended Complaint.

A defendant may remove a state civil action to federal district court if the federal court has original diversity of citizenship or federal question jurisdiction over the matter.   *See* 28 U.S.C. § 1441(a).   Biotronik contends that the Court has federal question jurisdiction over Plaintiffs' claims.   [Doc. 1 at 1-2].

A federal district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   "A case arises under

federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus*, 440 F.3d at 1232 (internal quotation marks omitted). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Biotronik contends that "Plaintiffs' Second Amended Complaint includes new allegations raising substantial federal issues . . . , thus providing a basis for removal and this Court's [federal question] jurisdiction." [Doc. 1 at 1-2]. According to Biotronik, Plaintiffs' reliance upon Biotronik's alleged violation of federal standards to establish elements of their state law conspiracy and negligence claims requires "significant judicial interpretation of federal statu[tes] and a related complex web of federal health care regulations," and Biotronik maintains that, "[w]here state law claims raise several disputed federal issue[s], federal jurisdiction is appropriate." [Doc. 31 at 19]. Plaintiff disagrees and asserts that its reliance upon federal standards to establish elements of its state law claims does not confer federal question jurisdiction upon this Court, particularly when Congress did not authorize a private right of action to enforce the statutes setting forth the federal standards.

The Court rejects Biotronik's arguments and holds that remand is required for two independent reasons. First, remand is necessary because the federal standards at issue are contained in statutes for which Congress did not provide a private right of action and, although this omission is not determinative of whether federal question jurisdiction lies, the absence of a private right of action is fatal to jurisdiction here because exercising federal jurisdiction over state law

claims is not appropriate when the doing so would attract "a horde of original filings and removal cases raising other state claims with embedded federal issues." *Grable & Sons*, 545 U.S. at 318. The Court holds that because exercising jurisdiction over Plaintiffs' state law negligence and conspiracy claims would do precisely this, remand is required.   Second, the Court holds that even if Congress had established a private right of action in the federal statutes upon which Plaintiffs rely, the Court nonetheless would hold that remand is required because Plaintiffs' state law right to relief does not necessarily depend upon resolution of any federal issues.   This reason constitutes an additional independent basis for holding that the Court lacks federal question jurisdiction over Plaintiffs' claims.

A.   Remand is Required because the Federal Statutes do not Authorize a Private Right of Action and Exercising Jurisdiction would Disturb the Congressionally-Approved Balance of Federal and State Judicial Responsibilities.

Remand is necessary pursuant to the Supreme Court's decisions in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), and *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), because these cases stand for the proposition that federal question jurisdiction does not lie in a state common law cause of action that raises a disputed question of law under a federal statute if, as here, the statute does not authorize a private right of action and if the exercise of jurisdiction would disturb the balance of federal and state judicial responsibilities.   In *Merrell Dow*, the Supreme Court was called upon to answer the question "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States.'"   478 U.S. at 805 (quoting 28 U.S.C. §1331).   The *Merrell Dow* Court began its analysis of whether the Court of Appeals for the Sixth Circuit properly reversed the district court's denial of

a motion to remand by noting that the propriety of the removal "turn[ed] on whether the case falls within the original 'federal question' jurisdiction of the federal courts," and explaining that "[t]here is no 'single, precise definition' of that concept." *Id.* at 808. The Court indicated that "'the phrase arising under masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983)). The *Merrell Dow* Court noted that the "vast majority" of the cases that come within this grant of jurisdiction are cases in which federal law creates the cause of action but noted that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 9). Thus, the *Merrell* Court confirmed that federal question jurisdiction "may lie for the presence of a federal issue in a nonfederal cause of action." *Id.* at 810.

In *Merrell Dow*, two sets of consumers filed separate suits in state court against a pharmaceutical company that manufactured and distributed the drug Benedictin. *See id.* at 805. The consumers alleged that their children were born with multiple deformities as a result of their mothers' ingestion of Benedictin during pregnancy. *See id.* The plaintiffs brought their claims on common law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence. *See id.* The plaintiffs also alleged that the drug Benedectin was "misbranded" in violation of the FDCA because its labeling did not provide adequate warning that its use was potentially dangerous, *see id.* at 805-06, that "the violation of the FDCA 'in the promotion' of Benedictin 'constitute[d] a rebuttable presumption of negligence,'" and that the "'violation of said federal statutes directly and proximately caused the injuries suffered' by the . . . infants," *id.* at 806 (quoting complaint). The pharmaceutical company filed timely petitions for removal in each case

alleging that the actions were founded, in part, on alleged claims arising under the laws of the United States. *Id.* After removal, the two cases were consolidated and the plaintiffs filed a motion to remand to the state forum on the ground that the federal court lacked subject matter jurisdiction. *See id.*

The district court denied the motion to remand, reasoning that, because the complaint referenced violation of the FDCA, the complaint alleged a cause of action arising under federal law. *See id.* The Court of Appeals for the Sixth Circuit reversed, "noting 'that the FDCA does not create or imply a private right of action for individuals injured as a result of violations of the Act,'" and explaining that "'[f]ederal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law." *Id.* at 806-07 (quoting *Thompson v. Merrell Dow Pharm. Inc.*, 766 F.2d 1005, 1006 (6th Cir. 1985)). The Sixth Circuit reasoned, "'Plaintiffs' causes of action referred to the FDCA merely as one available criterion for determining whether Merrell Dow was negligent,'" and "'[b]ecause the jury could find negligence on the part of Merrell Dow without finding a violation of the FDCA, the plaintiffs' causes of action did not depend necessarily upon a question of federal law.'" *Id.* (quoting *Merrell Dow*, 766 F.2d at 1006). "'Consequently, [the Sixth Circuit held that] the causes of action did not arise under federal law and, therefore, were improperly removed to federal court.'" *Id.* (quoting *Merrell Dow*, 766 F.2d at 1006).

The Supreme Court granted certiorari and affirmed the Sixth Circuit's decision. The Supreme Court held that reliance upon a federal standard to establish an element of a state law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, is insufficiently substantial to transform the action into one "'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 805 (quoting 28 U.S.C. §1331).

10

For purposes of its decision, the Supreme Court assumed that the FDCA did not contain a private federal remedy for violation of its provisions and reasoned that "[t]he significance of [this] necessary assumption . . . [could ]not be overstated," because "the ultimate import of such a conclusion . . . is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute." *Id.* at 812. The Supreme Court, extrapolating from this premise, likewise reasoned that "it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law." *Id.* Thus, the *Merrell Dow* Court rejected the pharmaceutical company's arguments that federal question jurisdiction may lie for the violation of the federal statute as an element of a state cause of action even though Congress precluded a federal cause of action for a violation of the federal statute. *See id.* at 814. The Court held, "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.*

"After the [Supreme] Court's decision in *Merrell Dow*, the circuits were divided over the precise effect the case had on federal jurisdiction over state-law claims. Several circuits, including [the Tenth Circuit], required a finding of a federal cause of action to support the assertion of federal-question jurisdiction over state-law claims." *Nicodemus*, 440 F.3d at 1233 (citations omitted). "These courts relied on broad language in *Merrell Dow* suggesting that [i]n the absence of a federal private right of action it would flout congressional intent to provide a private federal

remedy for the violation of the federal statute [and] it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction." *Id.* (Internal quotation marks of citation omitted.)  In *Grable & Sons*, the Supreme Court granted certiorari to address this jurisdictional question.

The *Grable & Sons* Court clarified that *Merrell Dow* cannot be read "as overturning decades of precedent . . . and converting a federal cause of action from a sufficient condition for federal-question jurisdiction into a necessary one."   545 U.S. at 317 (footnote omitted).   Rather, the absence of a private right of action is "relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires."  *Grable & Sons*, 545 U.S. at 318; *accord Nicodemus*, 440 F.3d at 1233 (construing *Grable & Sons*' interpretation of *Merrell Dow*). It further explained that in *Merrell Dow*, the absence of a federal private right of action was fatal because "exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues."  *Grable & Sons*, 545 U.S. at 318; *accord Nicodemus*, 440 F.3d at 1233.   "For if [as in *Merrell Dow*] the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action.   And that would have meant a tremendous number of cases."  *Grable & Sons*, 545 U.S. at 318.   The *Grable & Sons* Court then reaffirmed its prior holdings, stating that the question was whether the "state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.*; *accord Nicodemus*, 440 F.3d at 1233.

The Supreme Court's decisions in *Merrell Dow* and *Grable & Sons* compel remand here. The *Merrell Dow* Court specifically held that a plaintiff's reliance upon a federal standard set forth

in the FDCA to establish an element of a state law private action, when Congress provided no private right of action in the FDCA for violations of that federal standard, is not sufficiently substantial to confer federal question jurisdiction.   *See Merrell Dow*, 478 U.S. at 812.   Plaintiffs, citing *Merrell Dow*, contend that Biotronik cannot pin federal question jurisdiction upon the second amended complaint's reference to the FDCA—which was the same federal statute upon which the *Merrell Dow* plaintiffs relied to support their state law negligence claims—to give rise to federal question jurisdiction because the FDCA does not create a private right of action.   [Doc. 18 at 13 (citing 21 U.S.C. § 337)].   Likewise, to the extent Biotronik contends that Plaintiffs' rely upon the Anti-Kickback Statute to support their state law claims, Plaintiffs argue that, because this criminal statute provides for no private right of enforcement, any federal issue arising under the act likewise fails to confer federal question jurisdiction.[2]   [*Id.*].   In its response to the motion to remand, Biotronik does not respond to this argument or challenge Plaintiffs' assertion that the FDCA and the Anti-Kickback Statute do not contain a private right of action.

Although the Court ultimately holds that *Merrell Dow* and its progeny require remand for lack of federal question jurisdiction, the Court is not persuaded by Plaintiffs' contention that *Merrell Dow* contains a per se bar against the exercise of federal question jurisdiction over a state law claim raising a substantial federal issue when the federal question arises from a statute in which Congress did not provide a private right of action.   The Supreme Court revisited its *Merrell Dow* holding in *Grable & Sons* and held that the absence of a private right of action is "relevant to,

---

[2]   Plaintiffs point out that the face of the second amended complaint does not reference the Anti-Kickback Statute and that Biotronik raises the statute *sua sponte* in its notice of removal. Plaintiffs therefore contend that, pursuant to the well-pleaded complaint rule, the Anti-Kickback Statute cannot give rise to federal question jurisdiction.   [Doc. 18 at 13].   The Court need not decide this question because it holds that, even if the second amended complaint referenced the statute, the Court nonetheless would hold that remand is necessary.

13

but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." *Grable & Sons*, 545 U.S. at 318; *accord Nicodemus*, 440 F.3d at 1233.   Thus, the lack of a private remedy in the FDCA and Anti-Kickback Statute is not determinative of the question whether Plaintiffs' "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons*, 545 U.S. at 314.  The Court nonetheless holds that remand is proper because exercising federal question jurisdiction over Plaintiffs' state law negligence and conspiracy claims would disturb the congressionally approved balance of federal and state judicial responsibilities.  *Cf. id.* at 314.  The Court's holding is governed by the principles set forth in *Merrell Dow* and the Supreme Court's later interpretation of *Merrell Dow* in *Grable & Sons*.

The lack of a private federal remedy in *Merrell Dow* was fatal to federal question jurisdiction not because it served as a per se bar to jurisdiction but rather because "'exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.'"  *Nicodemus*, 440 F.3d at 1233 (quoting *Grable & Sons*, 545 U.S. at 318).   In *Grable & Sons*, the Supreme Court explained that the *Merrell Dow* Court "saw the [absence of a private right of action] as worth some consideration in the assessment of substantiality," but held that "its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331."  545 U.S. at 318.   The *Grable & Sons* Court further explained that

[the *Merrell Dow*] Court saw the missing cause of action not as a

14

missing federal door key, always required, but as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state misbranding action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues.  For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action.   And that would have meant a tremendous number of cases.

*Id.*

The *Grable & Sons* Court explained that "[o]ne only needed to consider the treatment of federal violations generally in garden variety state tort law" where "'[t]he violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings.'" *Id.* at 318-19 (quoting Restatement (Third) of Torts § 14).   "A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts." *Id.*   After expressing concern over the "'increased volume of federal litigation,'" and noting the importance of adhering to "'legislative intent,'" the "*Merrell Dow* [Court] thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law.'"   *Id.* at 319 (quoting *Merrell Dow*, 478 U.S. at 811-12).   The *Grable & Sons* Court explained that, "[i]n this situation, no welcome mat meant keep out," and reasoned that "*Merrell Dow's* analysis thus fit[] within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts."   *Id.* at 319.

The *Grable & Sons* Court ultimately distinguished *Merrell Dow* and held that on the facts

before it, retaining federal question jurisdiction would not disturb the congressionally-approved balance of responsibilities between federal and state courts even though the standard at issue was found in a federal statute without a private right of action because before the *Grable* Court was a "rare state quiet title action that involve[d] contested issues of federal law," and "[c]onsequently jurisdiction over actions like [the plaintiff's] would not materially affect, or threaten to affect, the normal currents of litigation."   *Id*.   Thus, the *Grable & Sons* Court concluded there was "no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of the state-law title claim."   *Id*. at 319-20.

The facts of this case are akin to those in *Merrell Dow* and not to those in *Grable & Sons*. At issue here is the same federal statute at issue in *Merrell Dow*—the FDCA—and the same state law negligence per se claims at issue in *Merrell Dow* which Plaintiffs here, as in *Merrell Dow*, sought to prove through reference to the federal standards in the FDCA.   The Supreme Court in *Grable* held, construing *Merrell Dow*, that federal question jurisdiction did not lie for such "garden variety" state law claims, for to create a general rule of exercising federal jurisdiction over state claims resting upon federal mislabeling violations or other statutory violations would have "heralded a potentially enormous shift of traditionally state cases into federal courts."   *Id*. at 318-19.   "For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action."   *Id*. at 318.

The Supreme Court's reasoning is directly applicable here and necessitates remand. Because here, as in *Merrell Dow*, the exercise of federal question jurisdiction over Plaintiff's state law claims would attract mass filings and removal cases raising other state law claims with embedded federal issues, and because here, as in *Merrell Dow*, this shift of traditionally state law

cases to federal court would upset the congressionally-approved balance of judicial responsibilities between state and federal courts, this Court must hold that it lacks federal question jurisdiction over Plaintiffs' claims.   Accordingly, the Court grants Plaintiffs' motion to remand on this ground.

> B.   <u>Remand is Required because the State Law Claims do not Necessarily Depend Upon Determination of Any Federal Issue</u>.

The Court also grants Plaintiffs' motion to remand on the second, independent ground that resolution of Plaintiffs' state law causes of action does not necessarily depend upon the determination of any federal issues, and the Court therefore lacks federal question jurisdiction over Plaintiffs' claim for this reason as well.   It is undisputed that Plaintiffs' claims were not created by federal law but rather were created by New Mexico state common law.   Thus, Biotronik must establish that Plaintiff's state-created causes of action necessarily turn on a substantial question of federal law to give rise to federal question jurisdiction.   To satisfy this standard, the federal issue must be both substantial and contested.   *See Trujillo v. Reynolds*, No. 07-CV-1077, 2008 U.S. Dist. LEXIS 42377, *14 (D.N.M. Jan. 17, 2008).   More importantly, however, the resolution of the state issue "must *necessarily* turn" on the federal question.   *See id.* (emphasis added) (citations omitted).

Very recently, in *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2014) our Supreme Court clarified the inquiry into whether federal jurisdiction lies over a state law claim.

> Does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities? That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.   Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages

17

thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (internal quotation marks and citations omitted).   In *Gunn* the Court clarified that to meet the third requirement, the federal question must be substantial, not just to the litigants in the pending case, but to "an important issue of federal law that sensibly belong[ed] in a federal court."   *Id*. at 1066 (quoting *Grable & Sons*, 545 U.S. at 315).   Thus, to establish federal jurisdiction, a question "significant to the federal system as a whole, is needed." *Id*. at 1068.   Further, the substantiality of the federal issue informs the analysis of the fourth requirement, which is considering the "balance of federal and state judicial responsibilities." *Id*. at 1068 (quoting *Grable & Sons*, 545 U. S. at 314. Thus, in *Minton,* the Court held that federal jurisdiction did not exist over a state law legal malpractice claim, even though in deciding the legal malpractice claim the state court would be required to decide whether the defendant violated federal patent law, over which state jurisdiction has been preempted.   *Id*. at 1064, 1068

It is clear that there is no significant distinction between *Minton* and the case at hand. Plaintiffs' medical malpractice claim may (1) necessarily raise an (2) actually disputed question of federal law:   whether the Defendants violated pertinent provisions of the FDCA.   However, those questions are raised in a "backward-looking" malpractice lawsuit, the outcome of which will not be "significant to the federal system as a whole."   *Id*. at 1066-67, 1068

Further, in *Trujillo v. Reynolds*, a court in this district rejected a defendant's argument that a plaintiff's reliance upon federal regulations to support her claim of negligence under New Mexico's common law transformed the plaintiff's state law claim into one arising under federal law.   *See id.* at *23.   The question before the *Trujillo* court was whether the "'state-law claim necessarily raise[ed] a stated federal issue, actually disputed and substantial,'" which would confer

federal question jurisdiction upon the court, or whether remand was required for lack of subject matter jurisdiction.  *Id.* at *18-19 (citing *Grable & Sons*, 545 U.S. at 314).

In *Trujillo*, the plaintiff pled a negligence claim under New Mexico's common law seeking damages for injuries she sustained as a passenger in a hot air balloon that collided with another balloon.  *See id.* at *2.  In reaching its decision that it lacked subject matter jurisdiction over the plaintiff's claims, the *Trujillo* court explained that, "[w]hile Trujillo [wa]s using federal regulations to establish, or as evidence, of negligence, federal law [did] not create her cause of action."  *Id.* at *23.  The court reasoned that "Trujillo's cause of action [wa]s not based, for the most part, on federal law, but [wa]s based on the pilot's negligence," and Trujillo was relying upon "the alleged violations of the federal regulations . . . only [as] *additional* evidence that the Defendants were negligent."  *Id.* (emphasis added); *see id.* at *29 ("The federal regulations to which Trujillo refers in her Complaint are only *some* evidence of negligence," and thus "[t]he case does not turn on a substantial question of federal law.") (emphasis added).

The *Trujillo* court explained, "Whether the Defendants violated the hot-air balloon federal regulations does not amount to a disputed federal issue.  Federal-question jurisdiction is appropriate when 'it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims.'"  *Id.* at *26-27 (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1986)).  The court held that on the facts before it the plaintiff's "right to relief d[id] not necessarily depend on resolution of the question of federal law."  *Id.* at *23.

The *Trujillo* court reasoned that, "[f]rom what the Court c[ould] tell, it may be that Trujillo proves negligence under New Mexico law without showing that the Defendants violated the federal regulations.  It is not clear that the Court will ever have to resolve the federal question to

determine negligence of the Defendants."   *Id.* at *23-24.   The court recognized, for example, that it may be that the plaintiff could prove negligence without establishing that the defendant acted in contravention of any federal standards.   *See id.* at *23-24.   For this reason, the *Trujillo* court held that

> [t]he federal question or questions presented by the Complaint are not so substantial that they vest the Court with federal jurisdiction. That Trujillo has alleged that one of the pilots was licensed under federal regulations and that the other pilot's actions were a violation of federal regulations does not create jurisdiction in this Court. The federal issues may not have to be decided, and if they are decided, they may be no more than one set of evidence among other evidence.

*Id.* *30.   The *Trujillo* court concluded that, because "[a] stated federal issue, actually disputed and substantial, d[id] not exist," it lacked original jurisdiction under 28 U.S.C. Section 1331 over the state law negligence claim and remand was required.   *See id.*

Trujillo*'s reasoning is equally applicable here.   Although Plaintiffs here rely upon federal standards to support their state law claims, violation of these federal standards is only, as Plaintiffs argue, "additional evidence" that supports their state law claims, and not the sole evidence of these claims.   [Doc. 18 at 11].   According to Plaintiffs, the question before the Court is whether "Biotronik negligently or willfully violated the applicable standards of care for a corporation manufacturing and supplying medical devices, and whether those violations contributed to cause Plaintiff's injuries."   [*Id.*].   Nowhere in its opposition to the motion to remand does Biotronik assert that Plaintiffs' evidence of the federal standards of care is the *only* evidence that is capable of proving Plaintiffs' state law causes of action.   Moreover, upon reviewing the relevant causes of action set forth in the second amended complaint, the Court likewise concludes that the complaint itself also alleges sources other than federal standards which, if true, satisfy the elements of

Plaintiffs' state law claims.[3]   [Doc. 1-1, ¶¶ 161-67, 168-78].   The Court concludes that the federal standards serve as one type of evidence "among other sources for establishing appropriate standards of conduct in this area."   [Doc. 18 at 11].   Resolution of the federal questions is not necessary to the disposition of Plaintiffs' claims, and Plaintiffs' reliance upon federal standards does not confer federal question jurisdiction on this Court.[4]   *Cf. Merrell Dow*, 478 U.S. at 808 (holding that federal question jurisdiction lies when resolution of a state law claim necessarily turns on a substantial question of federal law).   Accordingly, the Court grants Plaintiffs' motion to remand for this reason as well.

The Court is not persuaded to hold otherwise by Biotronik's contention that *Trujillo* is distinguishable because the *Trujillo* defendants did not contest that they had violated the federal regulations at issue.   [Doc. 31 at 17].   Biotronik's argument is not persuasive for two reasons.   First, the defendants in *Trujillo* did, in fact, argue that the federal regulations were contested.   The *Trujillo* opinion itself indicates that the "Defendants assert that the complaint, filed by Trujillo alleges a 'contested federal issue,' . . . and that this case includes the issues of[] (i) what are the

---

3   For example, Plaintiffs also allege that Biotronik violated state prohibits and offer these violations as evidence to support the elements of their negligence per se claim.
4   The Court's decision is consistent with those of other federal courts examining this issue.   *See Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276 (D.N.M. 2011) (remanding case for lack of subject matter jurisdiction because federal statutes cited in plaintiff's complaint to provide support for claims of strict liability and negligence per se did not create a disputed and substantial issue of federal law sufficient to give rise to federal question jurisdiction); *First Pryority Bank v. F&M Bank & Trust Co.*, 10-CV-0434-CVE-TLW, 2010 U.S. Dist. LEXIS 94252, *13-14 (N.D. Okla. Sept. 9, 2010) (holding that interpretation and application of federal banking regulations was insufficient to raise a "substantial" federal issue in action for common law conversion because resolution of the federal issue would not be dispositive); *I.S. v. Washington Univ.*, No. 11-CV-235-SNLJ, 2011 U.S. Dist. LEXIS 66043, *15 (E.D. Mo. June 14, 2011) (holding that there was no federal question jurisdiction where the plaintiff relied upon Health Insurance Portability and Accountability Act (HIPAA) violations to support a state law negligence per se claim and that remand was required for lack of subject matter jurisdiction); *see also* Doc. 32 at 6 n. 2 (citing cases in which courts have held that reference to federal standards as evidence of state law claims is not sufficient to give rise to federal question jurisdiction).

federal standards for operation of hot air balloons in the circumstances presented by this case; and (ii) whether any of the Defendants violated any of those standards." 2008 U.S. Dist. LEXIS 42377, at *24. Moreover, the *Trujillo* court ultimately recognized that the defendants had made "statements of disputed issues" but concluded that these statements "[we]re largely conclusory rather than evidence that any of the federal issues are actually contested or that the Court [wa]s being asked to interpret federal law." *Id.* Second, and more importantly, even if the *Trujillo* court had held that the federal issues were uncontested, this holding would not impact the *Trujillo* court's additional holding that it lacked subject matter jurisdiction over the claims on the independent ground that resolution of the state law claim did not necessarily require the court to decide any federal issue. It is this latter holding upon which the Court relies as support for its conclusion that it lacks subject matter jurisdiction over Plaintiffs' claims and that remand is required.[5]

II.    Plaintiffs are Entitled to Costs and Attorney's Fees.

Plaintiffs ask the Court to award costs and attorney's fees they incurred in filing their motion to remand and for all "associated pleadings." [Doc. 18 at 15]. A federal court remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court should award attorney's fees under Section 1447(c) when the removing party lacks an objectively reasonable basis for seeking removal. *See Porter Trust v. Rural Water Sewer & Solid Waste*

---

[5]    Similarly, even if Biotronik correctly contends that *Doe*, 831 F. Supp. 2d 1276, is distinguishable because the defendants did not contest violation of the federal standard, this distinguishing factor is not relevant to the Court's holding. The Court bases its holding upon the fact that establishing a violation of a federal standard constitutes only *some* evidence in support of Plaintiffs' state law claims, that the trier of fact could find a state law violation without deciding the federal issues, and that a resolution of the state claims therefore does not necessarily require resolution of a federal issue.

*Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

The Court holds that Supreme Court precedent directly on point establishes that the lack of a private right of action in a federal statute is fatal to an assertion of federal question jurisdiction where the only federal issue present on the face of a complaint is violation of a federal standard as evidence of a state law cause of action and where exercising federal jurisdiction over a state law claim would upset the judicial balance of responsibilities between state and federal courts by attracting a horde of original filings and removal cases raising other state claims with embedded federal issues.  *See Grable & Sons*, 545 U.S. at 318); *see also Merrell Dow*, 766 F.2d at 319.  In light of this controlling precedent, the Court concludes that Biotronik lacked an objectively reasonable basis for removing Plaintiffs' claims to this Court.  At a minimum, if Biotronik had a good faith argument why *Merrell Dow* is distinguishable, or the Supreme Court's interpretation of *Merrell Dow* in *Grable & Sons* is inapplicable, Biotronik should have advanced that argument in its response to the motion to remand.  Instead, Biotronik failed to address Plaintiffs' contention that the lack of a private cause of action was fatal to federal question jurisdiction.  The Court concludes that Biotronik's decision to ignore controlling precedent was objectively unreasonable.  Thus, for these reasons, the Court awards Plaintiffs "payment of just costs and any actual expenses, including attorney fees, incurred as a result of [the] removal" consistent with 28 U.S.C. Section 1447(c).

## CONCLUSION

**IT THEREFORE IS ORDERED** that Plaintiffs' Motion to Remand [Doc. 18] is hereby **GRANTED**, that this case is remanded to New Mexico State Court, First Judicial District Court, the forum from which it was removed, and that Plaintiffs are awarded reasonable attorney's fees and costs incurred as a result of the removal.

23

**SO ORDERED** this 31st day of March, 2015.


_____

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE